21 MAG 11299

Approved: *Mitzi Steiner* [signature]
MITZI S. STEINER / SAGAR K. RAVI
Assistant United States Attorneys

ORIGINAL

Before: THE HONORABLE STEWART D. AARON
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X
                                    :   **SEALED COMPLAINT**
UNITED STATES OF AMERICA            :
                                    :   Violations of
      - v. -                        :   18 U.S.C. §§ 371,
                                    :   1349, and 1956
MONA FAIZ MONTRAGE,                 :
                                    :
                                    :   COUNTY OF OFFENSE:
              Defendant.            :   BRONX
                                    :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   WILLIAM R. MCKEEN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

   1.   From at least in or about December 2013 up to and including at least in or about October 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

   2.   It was a part and an object of the conspiracy that MONA FAIZ MONTRAGE, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

1

executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MONTRAGE engaged in a scheme together with others to receive wire transfers and cash deposits from victims of romance scams via bank accounts controlled by MONTRAGE in the Bronx, New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Receive Stolen Money)

3. From at least in or about in or about December 2013 up to and including at least in or about October 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

4. It was a part and object of the conspiracy that MONA FAIZ MONTRAGE, the defendant, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

OVERT ACTS

5. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about September 15, 2016, MONA FAIZ MONTRAGE, the defendant, opened a bank account in the Bronx, New York, namely, Account-3, as described below.

    b. On or about November 1, 2018, MONA MONTRAGE, the defendant, received two check deposits totaling at least approximately $195,000 from a romance scam victim into Account-3.

(Title 18, United States Code, Section 371.)

## COUNT THREE
### (Money Laundering Conspiracy)

6.      From at least in or about December 2013 up to and including at least in or about October 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowingly and intentionally did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

7.      It was a part and object of the conspiracy that MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, MONTRAGE, while in the Bronx, New York, received proceeds of romance scams through personal bank accounts and business bank accounts opened in the name of a purported beauty supply store, and then transferred those fraud proceeds to co-conspirators in Ghana and elsewhere, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

8.      I am a Special Agent with the FBI and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.  Where figures,

calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

### Overview of the Conspiracy

9.   Since in or about November 2017, the FBI has been investigating a criminal enterprise (the "Enterprise") based in Ghana that committed a series of frauds against individuals and businesses located across the United States, including in the Southern District of New York. The frauds perpetrated by the Enterprise consisted of romance scams, among other types of fraud schemes.

10.   The Enterprise conducted the romance scams by using electronic messages sent via email, text messaging, or online dating websites that deluded the victims, many of whom were vulnerable, older men and women who lived alone, into believing the victim was in a romantic relationship with a fake identity assumed by members of the Enterprise. Once members of the Enterprise had gained the trust of the victims using the fake identity, they used false pretenses such as the promise of being paid back or receiving a portion of an investment to cause the victims to, among other things, wire money to bank accounts the victims believed were controlled by their romantic interests, when in fact the bank accounts were controlled by members of the Enterprise. At times, the members of the Enterprise also used false pretenses to cause the victims to receive funds in the victims' bank accounts, which, unbeknownst to the victims, were fraud proceeds, and to transfer those funds to accounts under the control of members of the Enterprise. The members of the Enterprise, posing as the romantic interest of the victims, also introduced the victims to other individuals purporting to be, for example, consultants or lawyers, who then used false pretenses to cause the victims to wire money to bank accounts controlled by members of the Enterprise.

11.   MONA FAIZ MONTRAGE, the defendant, is a citizen of Ghana who currently resides in or around Accra, Ghana, and has no legal status in the United States. MONTRAGE is a Ghanaian public figure who rose to fame as an influencer through her Instagram profile, under the username "Hajia4Reall," which currently has approximately 3.4 million Instagram followers and is among the top ten profiles with the most followers in Ghana. MONTRAGE, and other known and unknown members of the Enterprise, received or otherwise directed the receipt of fraud proceeds from victims of the Enterprise into at least five bank accounts that MONTRAGE controlled in the Bronx, New York (the "Montrage

4

Accounts"), as further described below. Once MONTRAGE received the fraud proceeds in bank accounts under her control, she withdrew, transported, and laundered those fraud proceeds to other members of the Enterprise, including those located in Ghana.

### Scheme to Defraud Victim-1

12. Based on the FBI's investigation of a romance scam involving a female individual over seventy years of age ("Victim-1"), my conversations with Victim-1, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

   a. Victim-1 entered into an online relationship with a purported male individual ("CC-1"). CC-1 informed Victim-1, in substance and in part, that he needed financial assistance to transport gold from overseas to the United States. CC-1 instructed Victim-1 to send a check to a bank account in the name of "4Real Designs" and to state that the funds were for an "investment."

   b. On or about November 1, 2018, based upon the representations made by CC-1, and other purported individuals that worked with CC-1, Victim-1 sent two checks referencing an "investment" and totaling at least approximately $195,000 from a bank account in San Antonio, Texas to MONA FAIZ MONTRAGE, the defendant, through the Montrage Accounts, namely, Account-3 – which was registered in the name of "Mona Montrage DBA 4Reall Designs" – as described below.

   c. Victim-1 never received her money back, or any return on the purported investment.

### Scheme to Defraud Victim-2

13. Based on the FBI's investigation of a romance scam involving a now deceased female individual ("Victim-2"), who was over sixty years of age at the time of the relevant conduct, my conversations with associates of Victim-2, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

   a. Victim-2 entered into an online relationship with a purported male individual ("CC-2") who told Victim-2, in

substance and in part, that he needed financial assistance to transport gold from overseas to the United States.

      b. From on or about October 9, 2018 through on or about October 10, 2018, based upon the representations made by CC-2, and other purported individuals that worked with CC-2, Victim-2 sent a cash deposit and a funds transfer totaling at least approximately $182,000 from a bank account located in the Bronx, New York to MONA FAIZ MONTRAGE, the defendant, through the Montrage Accounts, namely, Account-1, as described below.

      c. Victim-2 never received her money back, or any return on the purported investment.

### Scheme to Defraud Victim-3

14. Based on the FBI's investigation of a romance scam involving a male individual over sixty years of age ("Victim-3"), as well as my conversations with Victim-3, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

      a. Victim-3 entered into an online relationship with an individual named "Mona Montrage," and later identified as MONA FAIZ MONTRAGE, the defendant, as described below. MONTRAGE sent photographs of herself to Victim-3 and spoke with Victim-3 on several occasions by phone. MONTRAGE also sent Victim-3 a tribal marriage certificate which, according to MONTRAGE, certified MONTRAGE and Victim-3 as married in Ghana. MONTRAGE thereafter repeatedly requested Victim-3 to provide her with various sums of money to purportedly help with costs associated with her father's farm in Ghana.

      b. Based upon the above representations made by MONTRAGE to Victim-3, from in or about April 8, 2015 through in or about July 1, 2016, Victim-3 sent at least approximately 82 wire transfers from Converse, Texas to Accra, Ghana, totaling approximately $89,000 through MoneyGram, an international financial services company, which were primarily addressed to MONTRAGE using "Mona" as her first name and Victim-3's last name. Based on my training, experience, and involvement in this investigation, I believe that Victim-3 referred to MONTRAGE using Victim-3's last name because Victim-3 believed MONTRAGE to be Victim-3's legally married partner.

    c. Victim-3 never received his money back, or any return on the purported investment.

    d. In or around July 2015, Victim-3 attempted to confront MONTRAGE at MONTRAGE's residence in the Bronx, New York. Victim-3 had never met MONTRAGE in person prior to this encounter. Specifically, Victim-3 traveled to MONTRAGE's residence where Victim-3 observed MONTRAGE standing outside of her residence with another individual ("Individual-1"). Victim-3 identified MONTRAGE from the images that Victim-3 had received from MONTRAGE, and recognized MONTRAGE's voice from their prior phone conversations. Victim-3 attempted to engage MONTRAGE in conversation, at which time MONTRAGE denied knowing Victim-3. Subsequently, MONTRAGE contacted Victim-3 to apologize and acknowledged having met Victim-3 in the Bronx, New York.

    e. Victim-3 subsequently observed an image of MONTRAGE on MONTRAGE's Instagram account, with username "Hajia4Reall," and Victim-3 informed law enforcement, in sum and substance, that MONTRAGE was the individual he believed he had married and that he previously confronted in the Bronx, New York.

### Scheme to Defraud Victim-4

15. Based on the FBI's investigation of an impersonation scam involving a male individual over fifty years of age ("Victim-4"), my conversations with Victim-4, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

    a. Victim-4 was contacted by a purported FBI agent ("CC-3") who informed Victim-4 that Victim-4 was allegedly being investigated for unemployment fraud.

    b. On or about January 7, 2019, based upon the representations made by CC-3, and other purported individuals that worked with CC-3, Victim-4 sent a check totaling at least approximately $29,000 from a bank account located in Deltona, Florida to MONA FAIZ MONTRAGE, the defendant, through the Montrage Accounts, namely, Account-2, as described below.

    c. Victim-4 never received her money back, or any return on the purported investment.

### Scheme to Defraud Victim-5

16.    Based on the FBI's investigation of a romance scam involving a male individual over fifty years of age ("Victim-5"), my conversations with Victim-5, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

   a.    Victim-5 entered into an online relationship with a purported female individual ("CC-4"). CC-4 informed Victim-5, in substance and in part, that CC-4 was helping a U.S. Air Force Colonel recover gold from overseas that had been discovered while CC-4 was deployed with the U.S. Air Force. CC-4 requested money from Victim-5 to assist with the purported gold recovery.

   d.    On or about February 23, 2018, based upon the representations made by CC-4, and other purported individuals that worked with CC-4, Victim-5 sent at least approximately $4,500 in cash to MONA FAIZ MONTRAGE, the defendant, through the Montrage Accounts, namely, Account-3, as described below.

   e.    Victim-5 never received his money back, or any return on the purported investment.

### Scheme to Defraud Victim-6

17.    Based on the FBI's investigation of a romance scam involving a female individual over seventy years of age ("Victim-6"), my conversations with Victim-6, and my conversations with other law enforcement officers and my review of law enforcement documents, I have learned the following, in substance and in part:

   a.    Victim-6 entered into an online relationship with a purported male individual ("CC-5"). CC-5 informed Victim-6, in substance and in part, that CC-5 was a Major in the United States Army Air Corps, and CC-5 requested that Victim-6 receive a package for CC-5 from Afghanistan, where CC-5 claimed to be deployed. CC-5 further instructed Victim-6 to meet with purported diplomats, who showed Victim-6 a large sum of money. The purported diplomats then advised Victim-6, in substance and in part, that she would be required to pay fees in order to receive the funds.

   b.    Based upon the above representations made by CC-5, and other individuals that worked with CC-5, Victim-6

wired at least approximately $47,000 to MONA FAIZ MONTRAGE, the defendant, through the Montrage Accounts, namely, Account-5, as described below.

        c.    Victim-6 never received her money back, or any return on the purported investment.

### Summary of the Montrage Accounts

18.    Based on my review of bank records regarding five bank accounts ("Account-1," "Account-2," "Account-3," "Account-4," and "Account-5," collectively, the "Montrage Accounts,") held by MONA FAIZ MONTRAGE, the defendant, at three different banks in the Bronx, New York, I have learned the following, in substance and in part:

        a.    Account-1 and Account-3 were business bank accounts held in the name of "Mona Montrage DBA 4Reall Designs," a purported home-based sole proprietorship beauty supply store. The sole signatory on Account-1 and Account-3 was MONTRAGE. Account-1 was opened on or about May 23, 2018 in the Bronx New York, and Acount-3 was opened on or about September 15, 2016 in the Bronx New York. There appear to be no transactions to Account-1 or Account-3 related to the beauty supply industry.

        b.    Account-2, Account-4, and Account-5 were bank accounts held in the name of "Mona Faiz Montrage." The sole signatory on Account-2 was MONTRAGE from in or about March 2018 through in or about June 2018, at which time a second individual was added to the account ("Individual-2"). The sole signatory on Account-4 was MONTRAGE. The sole signatories on Account-5 were MONTRAGE and Individual-2.

        c.    Between on or about December 31, 2013 and on or about October 15, 2019, the Montrage Accounts had deposits greater than approximately $500 that totaled approximately $2,165,000, and withdrawals greater than approximately $500 that totaled approximately $2,096,000. A majority of the deposits consisted of large wire transfers, check deposits, and cash deposits from various individuals, including Victim-1, Victim-2, Victim-4, Victim-5, and Victim-6, and the withdrawals were largely in cash and international wire transfers to Ghana.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of MONA FAIZ MONTRAGE, the defendant, and that she be arrested and imprisoned or bailed, as the case may be.

/s/ William R. McKeen, by SDA with permission
------
WILLIAM R. MCKEEN
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this Complaint by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 23rd day of November, 2021

*[signature]*
------
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK