UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :
                                   :
                                   :       **SEALED INDICTMENT**
     - v. -                        :
                                   :
                                   :          22 Cr.
MONA FAIZ MONTRAGE,                :       22 CRIM 617
                                   :
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - - X

## COUNT ONE

**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

### OVERVIEW

1.   At all times relevant to this Indictment, MONA FAIZ
MONTRAGE, the defendant, and others known and unknown, were members
of a criminal enterprise (the "Enterprise") based in West Africa
that committed a series of frauds against individuals and
businesses located across the United States, including in the
Southern District of New York.  The Enterprise has perpetrated
multiple romance scams, among other fraud schemes.

2.   Many of the Enterprise's romance scam victims were
vulnerable, older men and women who lived alone.  The Enterprise
conducted the romance scams by sending victims emails, text
messages, and messages through online dating and social media
websites that deceived the victims into believing they were in a

romantic relationship with a person who was, in fact, a fake identity assumed by members of the Enterprise. Once members of the Enterprise had gained the trust of the victims using the fake identity, they convinced the victims, under false pretenses, to transfer money to bank accounts the victims believed were controlled by their romantic interests, when in fact the bank accounts were controlled by members of the Enterprise, including MONA FAIZ MONTRAGE, the defendant. At times, the members of the Enterprise also persuaded the victims, under false pretenses, to receive funds in the victims' bank accounts, which, unbeknownst to the victims, were fraud proceeds, and to transfer those funds to accounts under the control of members of the Enterprise. The members of the Enterprise, posing as the romantic interest of the victims, also introduced the victims to other individuals purporting to be, for example, consultants or lawyers, who then persuaded the victims, under false pretenses, to wire money to bank accounts controlled by members of the Enterprise.

3. MONA FAIZ MONTRAGE, the defendant, received fraud proceeds from victims of the Enterprise in bank accounts she controlled in the Bronx, New York, and elsewhere, including business bank accounts opened in the name of 4Reall Designs, a purported clothing company. Once MONTRAGE received fraud proceeds in bank accounts under her control, she withdrew, transported, and laundered those fraud proceeds to other members of the Enterprise.

2

In addition, MONTRAGE directly communicated with at least one romance scam victim ("Victim-1"). MONTRAGE obtained money from Victim-1 by, among other things, pretending that she and Victim-1 were in a romantic relationship and married.

### STATUTORY ALLEGATIONS

4.     From at least in or about 2013, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5.     It was a part and an object of the conspiracy that MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MONTRAGE engaged in a scheme together with others to perpetrate and facilitate fraud schemes, including by defrauding Victim-1 and

receiving wire transfers and cash deposits from victims of romance scams, which scheme involved, among other things, the use of interstate wires transmitted through the Southern District of New York.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

6.    The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

7.    From at least in or about 2013, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, MONTRAGE engaged in a scheme to perpetrate and facilitate fraud schemes, including by defrauding Victim-1 and receiving wire transfers and cash deposits from victims of romance scams, which scheme involved, among other

4

things, the use of interstate wires transmitted through the
Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE

### (Money Laundering Conspiracy)

The Grand Jury further charges:

8.    The allegations contained in paragraphs 1 through 3 of
this Indictment are repeated and realleged as if fully set forth
herein.

9.    From at least in or about 2013, up to and including at
least in or about 2019, in the Southern District of New York and
elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and
unknown, knowingly and willfully combined, conspired,
confederated, and agreed together and with each other to commit
money laundering, in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(i).

10.   It was a part and object of the conspiracy that MONA
FAIZ MONTRAGE, the defendant, and others known and unknown, knowing
that the property involved in certain financial transactions
represented proceeds of some form of unlawful activity, would and
did conduct and attempt to conduct such financial transactions,
which in fact involved the proceeds of specified unlawful activity,
to wit, the wire fraud scheme charged in Counts One and Two of
this Indictment, in violation of Title 18, United States Code,

Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

### (Money Laundering)

The Grand Jury further charges:

11.  The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

12.  From at least in or about 2013, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, the wire fraud scheme charged in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location,

the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956 (a)(1)(B)(i) & 2.)

## COUNT FIVE

### (Conspiracy to Receive Stolen Money)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

14. From at least in or about 2013, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

15. It was a part and object of the conspiracy that MONA FAIZ MONTRAGE, the defendant, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

## Overt Acts

16. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about September 15, 2016, MONA FAIZ MONTRAGE, the defendant, opened a business bank account in the name of 4Reall Designs in the Bronx, New York ("Account-1").

b. On or about November 1, 2018, MONTRAGE received into Account-1 two check deposits from a romance scam victim ("Victim-2") totaling at least approximately $195,000.

(Title 18, United States Code, Section 371.)

## COUNT SIX

### (Receipt of Stolen Money)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

18. From at least in or about 2013, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, MONA FAIZ MONTRAGE, the defendant, received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to

have been stolen, unlawfully converted, and taken, to wit, MONTRAGE received proceeds of fraud schemes, which were transferred from bank accounts and money transfer locations outside of New York to bank accounts in the Bronx, New York and elsewhere.

(Title 18, United States Code, Sections 2315 and 2.)

## FORFEITURE ALLEGATIONS

19. As the result of committing the wire fraud and stolen property offenses charged in Counts One, Two, Five,  and Six of this Indictment, MONA FAIZ MONTRAGE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

20. As a result of committing the money laundering offenses alleged in Counts Three and Four of this Indictment, MONA FAIZ MONTRAGE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

9

## Substitute Assets Provision

21.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON (DPF)

_____
DAMIAN WILLIAMS
United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MONA FAIZ MONTRAGE,

Defendant.

---

SEALED INDICTMENT

22 Cr.

(18 U.S.C. §§ 371, 1343, 1349,
1956(a)(1)(B)(i), 1956(h), 2315,
and 2.)

DAMIAN WILLIAMS
United States Attorney

*John Bellamy* (DPF)
Foreperson

11/10.2022
NE

Sealed Indictment filed

Sarah C Cave

U S M J