

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 30, 2023

**BY ECF**

The Honorable Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:     *United States v. Mona Montrage*, 22 Cr. 617 (PAC)

Dear Judge Crotty:

       The Government respectfully submits this letter in opposition to defendant Mona Montrage's request to modify her bail conditions to remove the condition of home detention. For the reasons set forth below, the defendant's request should be denied.

## I.     Offense Conduct & Procedural History

       From at least in or about December 2013 up to and including at least in or about October 2019, the defendant, a Ghanaian citizen, was connected to a criminal enterprise (the "Enterprise") based in Ghana that committed a series of frauds against individuals and businesses located across the United States, including in the Southern District of New York. The frauds perpetrated by the Enterprise consisted of romance scams, among other types of fraud schemes. The defendant was involved in opening and controlling bank accounts for use by members of the Enterprise.

       Specifically, the defendant opened five bank accounts at U.S.-based financial institutions. During this period, the accounts, collectively the "Montrage Accounts," received deposits of $500 or greater totaling approximately $2,165,000 and had withdrawals of $500 or greater totaling approximately $2,096,000. A majority of the deposits into the Montrage Accounts consisted of large wire transfers, check deposits, and cash deposits from various individuals, and the withdrawals were largely in cash and international wire transfers to Ghana.

       The defendant received fraud proceeds from at least six identified victims, five of whom deposited funds directly into the Montrage Accounts. Additionally, the defendant directly corresponded with at least one victim of the Enterprise's romance scams. The victim was deceived by the defendant into sending approximately $89,000 directly to the defendant through MoneyGram, an international financial services company. Based on representations made by the defendant, including by means of a fraudulent Ghanaian marriage certificate sent by the defendant

to the victim, the victim believed that the defendant had married the victim and that the victim was sending funds to help his purported wife (Montrage) with costs associated with her father's farm in Ghana.

On November 10, 2022, a grand jury in the Southern District of New York returned an indictment charging the defendant with the following offenses: (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; (2) wire fraud, in violation of 18 U.S.C. § 1349; (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h); (4) money laundering, in violation of 18 U.S.C. §1956; (5) conspiracy to receive stolen money, in violation of 18 U.S.C. § 371; and (6) receipt of stolen money, in violation of 18 U.S.C. § 2315.  In or around November 2022, the defendant was arrested in the United Kingdom in connection with these charges and consented to extradition.

On May 15, 2021, following the defendant's arraignment before this Court, the parties agreed to the following bail conditions: A $500,000 personal recognizance bond, to be signed by three financially responsible persons; a $100,000 secured cash bond; travel restricted to the Southern and Eastern Districts of New York and the District of New Jersey; to surrender travel documents and make no new applications; pretrial supervision as directed; drug testing and treatment as directed; mental health evaluation and treatment as directed; and not to possess firearms, destructive devices, or other weapon.  In addition, the defendant was required to remain on home detention, to be enforced by location monitoring. The defendant was detained until at least two co-signers signed the bond and the secured cash bond was posted.

On June 26, 2023, the defendant filed the instant motion to request the removal of certain of her bail conditions, namely, home detention.

## II.   The Defendant's Bail Application Should be Denied

### A.   Applicable Law

Title 18, United States Code, Section 3142(c) permits a court to order the pretrial release of a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(c).  In assessing a defendant's risk of flight and the danger to the community presented by his release, Congress directed courts to consider several factors:  (1) the "history and characteristics of the person" including "family ties, employment, financial resources, length of residence in the community, [and] community ties"; (2) "the nature and circumstances of the offense charged"; (3) "the weight of the evidence against the person"; and (4) the "nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

### B.   Discussion

The defendant's request to have the Court modify her bail condition of home detention should be denied.  Here, the Section 3142(g) factors weigh strongly against removing the condition

of home detention.  Indeed, the defendant poses a significant risk of flight given her lack of legal status, access to significant foreign assets, and the seriousness of the charged offenses.

*First*, as set forth in the Indictment, the nature and circumstances of the charged offenses establish that the defendant poses a risk of flight.  From at least in or about December 2013 through in or about October 2019, the defendant was a member of the Enterprise, a conspiracy based in Ghana that defrauded victims across the United States through business email compromises and romance scams.  The defendant's role was to serve as a money mule in the Enterprise who received fraud proceeds from victims in United States bank accounts and transferred them to other members of the Enterprise in order to get the money to the leaders of the conspiracy in Ghana.  The defendant's criminal association with coconspirators based abroad who are currently at liberty and her coconspirators' access to substantial assets demonstrate that the defendant has the means and ability to flee and evade law enforcement.

*Second*, the overwhelming evidence against the defendant further weighs in favor of more restrictive conditions. The defendant had control over five separate business and personal bank accounts at multiple banks in connection with the charged offenses. Those accounts together received approximately two-million dollars in suspicious activity during the 6-year period between 2013 and 2019. Based on the nature and circumstances of the defendant's offenses, the defendant is facing a projected Sentencing Guidelines range of at least 57 to 71 months' imprisonment should she be convicted at trial on the money laundering conspiracy count alone.

*Third*, the history and characteristics of the defendant further show that home detention with electronic monitoring is appropriate in this case.  In addition to the fact that the defendant's coconspirators are based in Ghana, the defendant also has strong family ties to Ghana.   According to Pretrial Services, the defendant's extensive family resides in Ghana and the defendant is a citizen of Ghana.  The defendant also has no legal status in the United States, therefore making her amenable to removal proceedings, and has minimal financial ties to the United States.   The defendant's personal and family ties abroad and the significant prison time the defendant faces create a strong incentive for the defendant to flee and avoid prison.

In addition, publicly available information suggests that the defendant has the means and connections to evade apprehension.  According to public reporting, the defendant is one of the wealthiest women in Ghana.  The defendant is a well-known celebrity in Ghanaian social circles. She is considered an "influencer" on the social media platform Instagram where she currently has approximately four-million followers and is among the top ten profiles with the most followers in Ghana.  The defendant also has substantial foreign assets.  The defendant's public persona portrays her as a socialite with great wealth and substantial connections.  The defendant frequently poses with luxury items.  For example, as recently as October 2022, the defendant's public Instagram posts depict her alongside two of her vehicles – a Bentley and Mercedes – bearing personalized license plates, which are worth a total of approximately $700,000.  The defendant's significant financial assets provide her with the means and contacts to flee the jurisdiction.

The factors under Section 3142(g) clearly warrant home detention and electronic monitoring as agreed to by the parties and the defendant does not set forth any changed circumstances that indicate that these conditions are no longer warranted.  The defendant only suggests that such conditions are unwarranted because she has regained possession of her seven

year old daughter.  (Def. Mot. at 1).  However, the defendant's desire to assist in "exercise, entertainment and education" for her daughter is not a sufficient justification for the removal of her home detention bail condition and is in no way a circumstance unique to the defendant.  (*Id*. at 2).  Further, the defendant is permitted under the terms of her home detention to engage in substantial child care responsibilities including, among other things, grocery shopping and medical appointments.

Finally, the defendant argues that her compliance with her bail conditions while she resided in the United Kingdom prior to her extradition – which did not include home detention – warrants the removal of her current home detention bail condition.  The defendant's compliance with her prior bail conditions, however, is not a sufficient reason, absent more, to warrant a removal of her home detention bail condition.  *See, e.g.*, *United States v. Kissi,* 21 Cr. 64 (PAC), Dkt. No. 23 (denying motion to modify bail conditions to remove home detention condition, despite showing of compliance with such condition, where the defendant had no legal status and was involved in laundering approximately one-million dollars abroad to Ghana); *United States v. Joseph Asan*, 20 Cr. 86 (KMW), Dkt. No. 34 (denying request for bail modification to remove home detention and electronic monitoring conditions, despite defendant's compliance with bail conditions for seven months, where defendant had significant ties to and coconspirators in a foreign country).

## III.  Conclusion

For the reasons set forth above, home detention with electronic monitoring is, at a minimum, necessary to reasonably assure the appearance of the defendant and hold her accountable.  The defendant's request for a bail modification should therefore be denied.  The United States Pretrial Services Office, by and through Pretrial Services Officer Francesca Piperato, concurs with this position.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

_____/s/_____
Mitzi S. Steiner
Assistant United States Attorney
(212) 637-2284